UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HAMPTON,

       Plaintiff,

v.                                Case No.

WELLCARE HEALTH PLANS, INC.,
a foreign corporation,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN HAMPTON (hereinafter "Plaintiff"), hereby sues Defendant, WELLCARE HEALTH PLANS, INC., a foreign corporation, and alleges:

### NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") to redress Defendant's failure to compensate Plaintiff for overtime work.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. Defendant's unlawful conduct under the FLSA was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle District of Florida.

4. Defendant conducts business in the Middle District of Florida as a provider

of health insurance plans.  Defendant is an enterprise engaged in commerce under the FLSA and has annual revenues greater than $500,000 per year.

5. Plaintiff commenced employment for Defendant on a temporary basis (which was arranged by third-party) in or around October 2018.  Plaintiff was economically dependent on Defendant and was a covered employee under the FLSA.

6. Plaintiff was compensated on an hourly basis of $40 per hour but only up to 40 hours per week even when Plaintiff worked 60-70 hours per week.

7. Defendant paid Plaintiff and the third-party for all hours worked by Plaintiff but only up to 40 hours per week.

8. Plaintiff routinely worked 60-70 hours per week after Plaintiff had been working for a few weeks to a month and Defendant realized that Plaintiff was an excellent worker.

9. Plaintiff was never paid overtime compensation.

10. Defendant did not want Plaintiff to inform the temporary firm how many hours he was working and induced Plaintiff to work overtime through vague promises of additional work.

11. Defendant knew Plaintiff worked overtime hours on a weekly basis but willfully failed to compensate Plaintiff.

12. Defendant terminated Plaintiff from employment in or around February 26, 2019 when he was unwilling to perform unpaid overtime.

### COUNT I: OVERTIME VIOLATIONS UNDER FLSA

13. Plaintiff restates the allegations contained in paragraphs 1 through 12.

14. Defendant repeatedly and willfully violated the FLSA by failing to pay Plaintiff

one and one-half times his hourly rate for work in excess of 40 per week.

15. Plaintiff has been damaged by the foregoing willful conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Order Defendant pay an award of back pay and liquidated damages to Plaintiff;

    B.    Order Defendant to pay prejudgment interest on all sums due Plaintiff;

    C.    Order Defendant to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Craig L. Berman
Craig L. Berman, Esquire
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
(727) 550-8989
(727) 894-6251
craig@bermanlawpa.com

**TRIAL COUNSEL FOR PLAINTIFF**